# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CASE NO. 3:07-CR-97

UNITED STATES OF AMERICA                                              PLAINTIFF

v.

LOGAN SILLIMAN                                                      DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant's Motion for Concurrent Sentencing Pursuant to 18 U.S.C. § 3584 (Docket #33) and Defendant's Motion for Leave to Proceed In Forma Pauperis (Docket #34). The government has responded (Docket #36). Defendant has not replied. This matter is now ripe for adjudication. For the following reasons, Defendant's Motion is DENIED.

## BACKGROUND

On October 3, 2007, Defendant Logan Silliman pleaded guilty to maliciously conveying by telephone false information concerning an attempt to damage and destroy a building and property at an airport by means of fire and explosives in violation of 18 U.S.C. § 844(e). On January 25, 2008, Defendant was sentenced to three months imprisonment and three years of supervised release. Defendant also had four pending state convictions for unrelated offenses at that time. Defendant is currently serving an aggregate term of ten years in state prison.

Defendant now asks the Court to allow his federal sentence to run concurrently with his state sentence. Defendant has already raised this issue before the Court in a motion filed on August 4, 2009. The Court denied that motion on September 25, 2009.

## DISCUSSION

Defendant asserts that this Court may impose a concurrent sentence under 18 U.S.C. §

3584. Defendant's reliance on this statute, however, is misplaced. Section 3584 is applicable at the time the Court first imposes a sentence, not when a defendant is seeking correction of his sentence. Section 3584 "does not provide this court with any authority to substantively alter a sentence . . . ." *Wilson v. United States*, 969 F. Supp. 1054, 1057 (E.D. Mich. 1997). Instead, Defendant must rely on 18 U.S.C. § 3582(c) or Federal Rule of Criminal Procedure 35 to amend his sentence.

Neither § 3582(c) nor Rule 35 are applicable to Defendant's case. First, Rule 35 only allows the Court to correct or reduce a sentence when there is a clear error or the government makes a motion to have the sentence reduced as a result of a defendant's substantial assistance. Fed. R. Crim. P. 35(a), (b). Section 3582(c) states that a court may not modify a term of imprisonment except in cases where the Director of the Bureau of Prisons files a motion to reduce a defendant's sentence, in cases where Rule 35 is applicable, or in cases where the sentencing range has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c). Defendant's request for concurrent sentencing is not an available remedy under these rules and statutes, and therefore, the Court has no means by which to amend Defendant's sentence.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion for Concurrent Sentencing Pursuant to 18 U.S.C. § 3584 is DENIED. Defendant's Motion for Leave to Proceed In Forma Pauperis is DENIED as moot.